Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 2998 | Date | SEPTEMBER 11, 2000 |
| Case Title | RONALD MLYNEK V HOUSEHOLD FINANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☑ Status hearing ☐ held ☐ continued to ☑ set for ☐ re-set for 9/26/00 at 9:00 a.m.
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
   ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☑ [Other docket entry] Memorandum opinion and order entered. Accordingly, Defendant's motion to dismiss is denied with respect to counts II and VI of plaintiff's complaint but granted with respect to count IV.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

| | | ED-7 FILED FOR DOCKETING 00 SEP 12 PM 1:06 | SEP 13 2000 UW | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices |
| ☑ | No notices required. | | | |
| | Notices mailed by judge's staff. | | | date docketed |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | docketing dpty. initials |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate Judge. | | | date mailed notice |
| _eal_ | courtroom deputy's Initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

Document # 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD MLYNEK,  )
 )
    Plaintiff,  )
 )
 ) No. 00 C 2998
v. )
 ) Judge Robert W. Gettleman
HOUSEHOLD FINANCE CORPORATION, )
 )
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronald Mlynek has filed a six-count complaint against defendant Household Finance Corporation alleging that it violated the Fair Credit Reporting Act (Count I), was negligent (Count II), committed intentional acts (Count III), invaded plaintiff's privacy (Count IV), violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Count V) and also violated the Florida Consumer Collection Practices Act ("FCCPA") (Count VI). Defendant now moves to dismiss counts II, IV, and VI pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion is granted in part and denied in part.

### Facts

For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). Mlynek alleges that on November 23, 1999, he received a telephone call in his Illinois home from a man identifying himself as John Hutchinson ("Hutchinson"), a collector calling from defendant's Florida office. According to plaintiff, when he asked Hutchinson about the purpose of the call, Hutchinson

yelled "you know who I am" and repeatedly told plaintiff to get his checkbook and start writing "immediately" and "right now." Plaintiff terminated the call and reported the incident to his local police department as an extortion attempt.

The following day, plaintiff returned another call from Hutchinson and was again greeted with screaming. Following a request to speak with Hutchinson's supervisor, plaintiff was transferred to a man who identified himself as Abdul Mujahib ("Mujahib"). Mujahib explained that plaintiff allegedly owed defendant $3,248 for a $2,500 unpaid loan on a check that was mailed to plaintiff's house for a line of credit. Plaintiff also learned that while defendant had obtained his correct social security number and place of employment through a copy of his credit report, defendant's record of plaintiff's address, date of birth and birth place were incorrect; the address defendant had was actually that of plaintiff's son, Ronald Mlynek II. Plaintiff then discussed the loan with his son and called Mujahib back. Mujahib replied that plaintiff and his son has 15 minutes to straighten out the matter or "someone would go to prison over this."

On a later date, plaintiff obtained a copy of the loan check, which lists his name and his son's address on the front and bears two signatures on the back, neither of which belong to plaintiff.

Plaintiff asserts that defendant's above conduct, as well as its reporting of the erroneous debt to credit bureaus, caused him substantial harm in that it "ruined his Thanksgiving holiday as well as subsequent days" and caused him lost sleep, elevated blood pressure, stress in his family life and severe emotional distress, aggravation, worry and inconvenience.

## Discussion

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle him to relief. Travel All Over the World, Inc., 73 F.3d at 1429; Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 432 (7th Cir. 1993). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

### I. Count II

Defendant first moves to dismiss Count II of plaintiff's complaint, titled "negligence," in which plaintiff alleges, *inter alia*, that defendant failed to use due care in ascertaining that he was in fact a debtor to the company prior to contacting him regarding the loan check. In arguing this motion, however, defendant asserts that plaintiff has not stated a claim of negligent infliction of emotional distress--a claim not alleged by plaintiff. Plaintiff raises this argument in his response brief to this motion and, since defendant failed to explain its position in reply,[1] the court denies defendant's motion to dismiss Count II as it is not responsive to plaintiff's complaint.

### II. Count IV

Defendant next moves to dismiss Count IV of plaintiff's complaint, his invasion of privacy claim. In this count, plaintiff alleges that defendant improperly obtained information

---

[1] The record in this case indicates that, per the court's order of May 31, 2000, defendant was given leave to file a reply brief in this matter on or before June 30, 2000. No such brief has been filed.

3

about his place of employment and telephone number and "had no right to intrude upon [plaintiff's] seclusion by telephoning him at his home and engaging in . . . coercive and extraordinary collection efforts." Defendant responds that the Illinois Supreme Court has not yet expressly recognized the tort of unreasonable intrusion upon the seclusion of another and, even if it does, the facts alleged by plaintiff do not satisfy the elements of the tort.

It is true that the Illinois Supreme Court has declined expressly to recognize the tort of unreasonable intrusion upon the seclusion of another. See Lovgren v. Citizens First Nat'l Bank, 126 Ill. 2d 411, 416-18 (1989). Despite this, many Illinois Appellate Courts have recognized the tort. See Johnson v. K Mart Corp., 311 Ill. App. 3d 573, 578 (1st Dist. 2000); Benitez v. KFC Nat'l Mgmt. Co., 305 Ill. App. 3d 1027, 1033 (2d Dist. 1999); Melvin v. Burling, 141 Ill. App. 3d 786, 788 (3d Dist. 1986); Davis v. Temple, 284 Ill. App. 3d 983, 994 (5th Dist. 1996); but see Bureau of Credit Control v. Scott, 36 Ill. App. 3d 1006, 1008-09 (4th Dist. 1976). Because of the disagreement among Illinois courts, district courts facing this question have taken varying routes. Some have followed what they believe the Illinois Supreme Court would decide if it squarely addressed the issue, determining that the cause of action would be recognized. See, e.g., Miles v. LaSalle Financial Services, Inc., 1995 U.S. Dist. LEXIS 14575, *15-16 (N.D. Ill. Oct. 5, 1995); Ludemo v. Klein, 771 F. Supp. 260, 261 (N.D. Ill. 1991). Others have followed the law of the state appellate district in which the case would be tried. See Ludemo, 771 F. Supp. at 261. Still others have avoided the issue and simply held that the facts alleged by the plaintiff fail to fulfill the elements of the tort, whether or not it is recognized in Illinois. See Silk v. City of Chicago, 1996 U.S. Dist. LEXIS 8334, *142 (N.D. Ill. June 4, 1996). In the instant case, each of these

analyses leads to the same conclusion: defendant's motion to dismiss is granted since Count IV fails to state a cognizable claim of intrusion upon seclusion.

As explained in Lovgren, the tort of unreasonable intrusion upon the seclusion of another, "depends upon some type of highly offensive prying into the physical boundaries or affairs of another person. The basis of the tort is not publication or publicity. Rather, the core of this tort is the offensive prying into the private domain of another." 126 Ill. 2d at 416-17 (citing Restatement (Second) of Torts §652B, comments a, b, at 378-79 (1977)). Lovgren listed the following examples of instances where the tort might arise: invading someone's home; an illegal search of someone's shopping bag in a store; eavesdropping by wiretapping; peering into the windows of a private home; and persistent and unwanted telephone calls. Id. (citing W. Prosser & W. Keeton, Torts §117, at 854-55 (5th ed. 1984)). The elements that a plaintiff must plead and prove to state a cause of action for intrusion upon seclusion are: (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive to a reasonable person; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering. Johnson, 311 Ill. App. 3d at 577 (citing Melvin, 141 Ill. App. 3d at 789).

In the instant case, plaintiff is claiming that the disturbing phone call he received from Hutchinson and the later discussions he initiated with both Hutchinson and Mujahib are sufficient to state a cause of action for intrusion upon his seclusion by the defendant. The court agrees with defendant that they are not. While receiving a phone call from an angry person claiming to be one's creditor is surely disturbing, the court does not believe that a reasonable person would find such an intrusion offensive. Also, of the three phone conversations alleged in the instant case, two were initiated by plaintiff himself, making only one a truly unauthorized

5

intrusion. Moreover, once defendant was advised that plaintiff had not signed the loan check, defendant made no other calls to plaintiff, making such calls hardly "persistent" under Lovgren. For these reasons, the court grants defendant's motion to dismiss Count IV.

### III. Count VI

Finally, defendant moves to dismiss Count VI, plaintiff's claim under §559.72 of the FCCPA, arguing that the act should not apply in this case because plaintiff is not a resident of Florida. Plaintiff responds that although he is not a resident of Florida, the calls he exchanged with Hutchinson and Mujahib came from defendant's Florida office and the FCCPA extends to non-Florida residents suing Florida businesses engaged in debt collection. Given the recent Florida decisions in this area, the court agrees with plaintiff.

In Coastal Physician Servs., Inc. v. Ortiz, 1999 Fla. App. LEXIS 679, *1-2 (Fla. Dist. Ct. App. 4th Dist. 1999), the Fourth Appellate District held that both the FCCPA and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), "are for the protection of in-state consumers from either in-state or out-of-state debt collectors," and cannot be used by non-Floridian plaintiffs. The Second Appellate District of Florida followed Coastal as it pertains to the FDUTPA. See Oce Printing Sys. USA, Inc. v. Mailers Data Servs., Inc., 760 So. 2d 1037 (Fla. Dist. Ct. App. 2d Dist. 2000). In so holding, however, neither the Coastal court nor the Oce court explained its reasoning for why a Florida business whose agents are alleged to have used improper debt collection practices under the FCCPA is not answerable to an out-of-state plaintiff.

The Third Appellate District Court of Florida readdressed this issue recently in Millennium Communs. & Fulfillment, Inc. v. Office of the AG, Dep't of Legal Affairs, 2000 Fla. App. LEXIS 9032 (Fla. Dist. Ct. App. 3d Dist. 2000). The Millennium court stated that it was

6

"not persuaded" by the ruling in Coastal because, "... there are no geographical or residential restrictions contained in the express language of [the FDUTPA]." Id at *15. The court reasoned:

> As we read the FDUTPA, it seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired within the territorial boundaries of this state without limitation. Therefore, where the allegations in this case reflect that the offending conduct occurred entirely within this state, we can discern no legislative intent for the Department [of Legal Affairs of the Office of the Attorney General of Florida] to be precluded from taking corrective measures under FDUTPA even where those persons affected by the conduct reside outside of the state.

Id. at *17-18. The Millennium court also pointed out that the Coastal court appeared to overrule its own holding in its later decision of Renaissance Cruises, Inc. v. Glassman, 738 So. 2d 436 (Fla. Dist. Ct. App. 4th Dist. 1999), in which it allowed both in-state and out-of-state residents to bring a class action suit against a Florida company under the FDUTPA. Millennium, 2000 Fla. App. LEXIS at *15-16; see also Latman v. Costa Cruise Lines, N.V., 758 So. 2d 699 (Fla. Dist. Ct. App. 3d Dist. 2000) (applying the FDUTPA in a class action although some class members were out-of-state residents) and Premier Cruise Lines, LTD., v. Picaut, 746 So. 2d 1132 (Fla. Dist. Ct. App. 5th Dist. 1999) (same).

The holding in Millennium is in accord with the availability of Illinois' and other states' consumer protection laws to out-of-state plaintiffs. See Millennium, 2000 Fla. App. LEXIS at *18n5 (discussing and listing cases involving consumer protection statutes in Illinois, New Hampshire and Ohio, all of which have been made available to out-of-state plaintiffs suing in-state defendants). Although it is true that other states and federal courts have declined to apply state consumer statutes to commercial transactions conducted outside those states, those statutes provide express geographical or residential restrictions where the FDUTPA does not. See Id. at

*16-17 (discussing similar statutes in Texas, Delaware and Maryland, all of which contain express language limiting their protection to in-state residents).

Applying the same reasoning as the Millennium court, this court finds no basis to follow Coastal's holding regarding the FCCPA. As with the FDUTPA, there is no express language in the text of the FCCPA that limits its protection to Florida residents. See Fla. Stat. §559.55-559.785. Under the FCCPA, "debtor" and "consumer" are defined as "any natural person obligated or allegedly obligated to pay any debt," not as "any resident of Florida obligated or allegedly obligated to pay any debt." See §559.55(2). Likewise, the definitions of "creditor" and "debt collector" do not contain any limitation that the credit being extended, or debt being collected, must have been to or from a resident of Florida. See §§559.55(3) and (6). In fact, the only references in the FCCPA to the State of Florida are found in those subsections dealing with out-of-state consumer debt collectors. See §559.55(8) and §559.565(1). Additionally, under §559.72 of the FCCPA, which sets forth those collection practices prohibited by the act, subsection seventeen prohibits any person from communicating with the debtor, ". . . between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor." There is no reason the FCCPA drafters to include language regarding the debtor's time zone if the statute was meant only to protect Florida residents, all of whom reside in the Eastern time zone.

Thus, following the most recent decision in Florida on this matter, the court denies defendant's motion to dismiss Count VI of plaintiff's complaint, finding that plaintiff can bring suit under the FCCPA in the instant case despite the fact that he is not a resident of Florida. Defendant's Florida office is a sufficient business presence in that state to render it answerable to

plaintiff's claim that defendant violated the FCCPA when its agents attempted to collect an erroneous debt from plaintiff as alleged in Count VI of his complaint. See FCCPA §559.55(8) ("For purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state.")

## Conclusion

For the reasons set forth above, defendant's motion to dismiss is denied with respect to Counts II and VI of plaintiff's complaint but granted with respect to Count IV. This matter is set for status on September 26, 2000, at 9:00 a.m.

**ENTER:** September 11, 2000

*Robert W. Gettleman*
**Robert W. Gettleman**
**United States District Judge**